IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BARRY MICHAEL PRATT, JR.                                              PLAINTIFF

v.                              Civil No. 1:24-cv-01041-SOH-BAB

PUBLIC DEFENDER ANDREW BEST;
and RICHARD MITCHAM                                                   DEFENDANTS

### REPORT AND RECOMMENDATION

Plaintiff, Barry Michael Pratt, Jr., filed this action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a). Pursuant to § 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I.     BACKGROUND

Plaintiff filed his original Complaint on June 28, 2024. (ECF Nos. 1). The Court provisionally filed Plaintiff's Complaint and ordered him to submit a completed *in forma pauperis* ("IFP") Application. (ECF No. 2). Plaintiff filed his IFP Application on July 15, 2024, (ECF No. 4), and a Notice of Change of Address on July 29, 2024 indicating he was released from the Union County Detention Center—the facility indicated on this IFP Application. (ECF No. 5).

1

Accordingly, the Court ordered Plaintiff to submit a new IFP Application. (ECF No. 6). Plaintiff failed to do so, so the Court entered an Order to Show Cause directing Plaintiff to show cause why he failed to submit his IFP Application as ordered. (ECF No. 7). Subsequently, Plaintiff sent multiple Notices of Change of Address and then on September 17, 2024 he responded to the Court's Order to Show Cause and filed his IFP Application. (ECF Nos. 11, 12). The Court granted Plaintiff's IFP Application on October 4, 2024. (ECF No. 13).

In his Complaint, Plaintiff names Andrew Best, his public defender, and Richard Mitcham, the retired jail administrator from Union County Detention Center ("UCDC") where Plaintiff was incarcerated, as Defendants. (ECF No. 1, p. 2). Plaintiff claims Defendant Best violated his due process rights and committed malpractice, and Defendant Mitcham violated his due process rights, falsely imprisoned him, and subjected him to cruel and unusual punishment. *Id.* at 2, 4. Specifically, Plaintiff claims Defendant Best violated his constitutional rights while he was representing Plaintiff in 2022 in his criminal proceedings Plaintiff complains that Defendant Best ordered a mental evaluation on Plaintiff against his will. This evaluation caused Plaintiff's incarceration to be extended longer than necessary. *Id.* at 3. Plaintiff also claims Defendant Mitcham caused him to be incarcerated even after the judge ordered his release in violation of his constitutional rights. *Id*. at 5.

Plaintiff alleges his claims against Defendants in both their individual and official capacities. *Id.* at 6. Plaintiff seeks both punitive and compensatory damages and injunctive relief. *Id.* at 6-7.

## II. APPLICABLE STANDARD

Pursuant to the Prison Litigation Reform Act ("PLRA"), the Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state

a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 8.

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that the Defendants acted under color of state law, and that the actor violated a right, privilege, or immunity secured by the Constitution. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). Furthermore, the deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under Section 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986). Lastly, Defendants must have been personally involved and caused the violation alleged. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006)). Plaintiff's claims shall be dismissed for failure to state a claim if it appears beyond a doubt the Plaintiff's complaint can prove no set of facts to support the plaintiff's

purported cause of action. *See Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2001).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

First, Plaintiff has alleged enough factual allegations at this juncture for his Claim Two against Defendant Mitcham to be served. However, Plaintiff's claim against Defendant Best, as a public defender, fails as a matter of law. "The conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of a Section 1983 violation." *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990). *See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"). The actions complained of in Plaintiff's complaints fall into a public defender's traditional functions as counsel.

Furthermore, all official capacity claims asserted by Plaintiff against both Defendants must fail as a matter of law. Under Section 1983, a defendant may be sued in either his personal capacity, or in his official capacity, or claims may be stated against a defendant in both his personal and his official capacities. The type of conduct that is actionable and the type of defense available depend on whether the claim is asserted against a defendant in his official or individual capacity. *See Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998) (internal citations omitted). "Claims

against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself." *Id.* Personal capacity claims "are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense" to these individual capacity claims. *Id.* To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that the defendant acted under color of state law, and that the actor violated a right, privilege, or immunity secured by the Constitution. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).

Plaintiff did not allege any policy, procedure, or custom of Union County caused any of his complaints. Plaintiff's allegation of a "good old Boys" system is insufficient to state an official capacity claim. (ECF No. 1, p. 6). Accordingly, Plaintiff has failed to state any official capacity claims against any Defendants.

### IV. CONCLUSION

For these reasons, it is recommended Plaintiff's Claim One against Defendant Best and Plaintiff's official capacity claims against both Defendants Best and Mitcham be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Furthermore, it is recommended Plaintiff's Claim Two against Defendant Mitcham, in his individual capacity, proceed for service by separate order.

**Referral Status: This case should remain referred.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties**

**are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 18th day of October 2024.

*/s/ Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE